ALTENBERND, Judge,
Concurring.
I am not completely comfortable with one of the legal assumptions made by all of the parties in this case, but I join in the court’s opinion because the parties are comfortable with this assumption. The demised premises governed by the lease in this case include only the land under the Winn-Dixie Store. Winn-Dixie, and apparently many other tenants of this mall, possess mutual, nonexclusive rights to the common parking area. Winn-Dixie pays to maintain the parking lot, and we do not know whether this distinguishes it from other tenants.
Because the parking spaces that were taken by eminent domain are not a portion of the demised premises under the lease and because the easement that Winn-Dixie has over this land is mutual and nonexclusive to other parties, I am not entirely convinced that Winn-Dixie has a separate claim against DOT. Winn-Dixie may have a claim to a portion of the proceeds against *731 its landlord under the terms of the lease, and this opinion effectively enforces such a claim, but I am troubled by the idea that DOT must pursue an eminent domain proceeding against every tenant in a huge shopping mall whenever it takes a few parking spaces.
The parties to this action all seem to believe that the law gives rights to tenants in this situation, which the tenant must expressly waive in the lease. Under that assumption, our opinion is a correct application of the law.